Judith M. Brown-Williams In Pro Per
Alvin E. Williams In Pro Per
22419 South Summit Ridge Circle
Chatsworth, California 91311
Tel (818) 341-6975 / Fax (818) 349-1522

Defendants Cross-complainants In Pro Per



FILED
CLERK, U.S. DISTRICT COURT

JUN 29 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ALVIN E. WILLIAMS AND
JUDITH M. BROWN-WILLIAMS

Case No. **CV12-5685 - JFW (PLAX)**

)
)
)
)   COMPLAINT FOR VIOLATION
)   CIVIL RIGHTS AND DUE
)   PROCESS (42 U.S.C.1983)
)   (42 U.S.C. 1985)
)

                Vs.

BENTLEY MOTORS INC.'S &
RUSNAK PASADENA
SUPERIOR COURT LOS ANGELES
JUDGE MARK V. MOONEY

)
)
)
)   Jury Trial Demanded [Yes]
)
)
)
)

**I.**                    **JURISDICTION**

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

1.      This is a civil action for injunctive relief under 42 U.S.C. § 1983, 42 U.S.C. §

1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988 (b) 28 U.S.C. § 1343 (a)(3) and 28 U.S.C

(1332) and the common law of the State of California Song Beverly Consumer

Warranty Act (Civil Code § 1790 et seq).

PAID

JUN 2 9 2012

Clerk, US District Court
CU 2017 4532

## SEVENTH AMENDMENT

2.    In suits common law, where the value in controversy shall exceed

twenty dollars, the right of trial by jury shall be preserved, and no fact tried

by a jury, shall be otherwise reexamined in any court of the United States,

than according to the rules of the common law.

## FOURTEENTH AMENDMENT

**California Constitution Article I Declarations of Rights Section. 7.**

3.    The Fourteenth Amendment was to insure that the Civil Rights Act

passed in 1866 would remain valid insuring that all persons born in the

United States were to be given full and equal benefits to all laws.  No person

was allowed to be deprived of life , liberty, or property without "due process of

law"

### 36 U.S.C § 1972 (As amended June 14, 1954,
### now codified at U.S.C. § 4 (1998)

4.    I pledge allegiance to the Flag of the United States of America, and to

the Republic for which it stands, one nation under God, indivisible, with

liberty and justice for all.

## CIVIL CODE SECTION 1427-1428

5.    An obligation is a legal duty, by which a person is bound to do or not do

a certain thing. Section 1428 An obligation arising from contract of the

parties or the operation of law, An obligation arising from operation of law

may be enforced in the manner provided by law, or by civil action or

proceeding.

## II.                    INTRODUCTION

There is a very simple story that tells Plaintiffs' story and it's the Goldie Locks Story as used to explain the first case and that brief was stricken and Plaintiffs' rewrote the Opening Brief excluding much of the arguments made in the first due to Inadvertence, surprise and excusable neglect. The Plaintiffs was surprised to learn from the Opinion the very same issues Plaintiffs argued in the Opening Brief that was Stricken was the very argument that was waived on appeal due to Plaintiffs Inadvertence when the brief did not argue the issues in the first Brief to the Stricken by the Court of Appeals.

As in the case of Goldie she was still asleep in the bed with remnants of the porridge we can assume still present in her stomach when observed by little bear sleeping in his bed. In the instant case the only question that needed to be determined would have been whether the entry was "Wrongful." The three Bears gave implied consent by not locking the door, the door having a welcome mat at the door with a large amount of food left out quite possibly for guest that made her entry "not-wrongful" because Goldie Locks felt invited, or given implied consent by the actions of the Three Bears. As in this case, the question with such an extensive repair history and 126 days in service, video tape of a serious malfunction and the "800 Call Log" from Bentley Motors Inc. it was clear the subject vehicle was a non-conformity that could not be conformed, so the only question it seems that would have been needed to be determined would have been did the Plaintiffs cause or invite the subject vehicles malfunction or alternatively did Plaintiffs withhold the

3

subject vehicle and did not allow the Defendants manufacturer Bentley Motors Inc. and the Dealership Rusnak/Pasadena to perform the proper repair and conform it to the purpose for which it was intended.

The trial Court erred in it's several Judgments, Statement of Decisions and Ruling on Submitted Matters against Plaintiffs and that the 2004 Bentley Arnage was merchantable. The salient record of the Court confirms the Defendants did violate the Song Beverly Warranty Act (civil Code § 1790 et seq.) and was Affirmed by the Court of Appeals after the Plaintiffs Opening Brief fail to discuss the other issues regarding the trial Court evidentiary ruling in limine directing counsel not to disclose the second jury the first jury's findings, the counsel stipulation without consent, and the collusion of the plaintiffs counsel with defendants counsel was argued with cogent arguments, information argued in the Plaintiffs first brief due to inadvertence was not argued in the second brief and thereby finding the Plaintiffs liable for cost to the Defendants Bentley Motors Inc. and confirmed the trial Courts decision to award Cost and Legal fees to Defendants Rusnak/Pasadena and remand with the "Question" "What are Appellant Damages."

The Defendants were warranted with the filing of a Judgment on August 15, 2007, the Statement of Decision filed was controverted and was intentionally not opposed by Plaintiffs counsel in collusion with the Defendants for a trial the Defendants and Plaintiffs counsel knew was improper and was violation of the Plaintiffs Constitutional Rights.

The Defendants again were warranted with filing the [Proposed] Judgment

4

on April 27, 2009 and Defendants intentionally violated the Plaintiffs Constitutional Rights in filing a Judgment that did not reflect the "Instructions Given" or the "Special Verdict Form" for the Jury Verdict and  Judgment on July 2, 2007 and the intentionally exclusion of Plaintiffs damages through the collusion of the Plaintiffs counsel with the Defendants is a violation of the Plaintiffs Constitutional Rights.

The Court of Appeal asked what was [Appellants] Plaintiffs Damages because the Judgment that was in favor of Plaintiffs did not reflect Plaintiffs damages.

The Court of Appeal Affirmation of a Judgment without Plaintiffs damages and the Supreme Court State of California denial of the Plaintiffs application for relief from default, application to file an oversized brief and the denial of the petition for review on a Court of Appeal Opinion that ask the question "What is [Appellants] Plaintiffs damages.

The Court of Appeal Affirms a Judgment with a trial on Implied Warranty without a date of trial and confirms the Superior Courts award of Defendants legal fees and cost by the trial Court is a violation of the Plaintiffs Constitutional Rights in violation of due process and the deprivation of Plaintiffs' property.

The Defendants file numerous Writs of Execution demanding money from Plaintiffs employers and financial institutions and causes financial catastrophe and hardship when derogatory notices of liens were filed in collusion with the Plaintiffs counsel to further  deprive and violate Plaintiffs right under the Constitution.

5

III.                                    **VENUE**

5.      Venue is proper in this United States District Court district pursuant 28 U.S.C.

§ 1983, U.S.C. § 1391 (b) and (c)and that the claim arose in the district where

Plaintiffs and Defendants both resided and transacted business.

IV.                                    **PARTIES**

6.      Plaintiffs Alvin E. Williams is a resident of the State of California current

Mailing Address is 22419 S. Summit Ridge Circle Chatsworth, California 91311.

7.      Plaintiffs Judith Brown-Williams is a resident of the State of California

current 22419 S. Summit Ridge Circle Chatsworth, California 91311

8.      Defendant Bentley Motors Inc. is represented by counsel address

in the County of San Francisco Carroll, Burdick & McDonough LLP

44 Montgomery Street Suite 400 San Francisco, California 94104-4606

9.      Defendant Rusnak Pasadena represented by counsel address

in the County of San Francisco Carroll, Burdick & McDonough LLP

44 Montgomery Street Suite 400 San Francisco, California 94104-4606

10.     Defendant Kaplan Lee LLP employed as former counsel for Defendants

address in the County of Los Angeles 725 S. Figueroa Street Suite 3230 Los Angeles,

California 90017 Los Angeles, California 94104-4606

11.     Defendant David A. Goldsmith employed as former counsel for Defendants

address in the County of Los Angeles 725 S. Figueroa Street Suite 3230 Los Angeles,

California 90017 Los Angeles, California 94104-4606

V.                    **STATEMENTS OF FACTS**

12.     Plaintiffs are five members of the Williams family, husband Alvin, wife Judith

daughters Tade and Alexxus and son Alvin. The Plaintiffs Alvin E. Williams and

Judith M. Brown-Williams purchased a 2004 Bentley Arnage on February 14, 2004.

(C/T 000138) The Plaintiffs paid $232,260.98. (C/T 000157) The Plaintiffs Financed

$213,179.00 through the State Farm Credit Union.(C/T 000152) The Plaintiffs

agreement with the Credit Union was for a total of 72 months with payment being

made semi-monthly.(C/T 000189) Plaintiffs payment were $1661.92 on the 1st and

the 15th of each month. (C/T 000192-000201) After the subject vehicle suffered

serious malfunctions that could not be repaired the Defendants consented to a

Collateral Exchange of the subject vehicle. (C/T 000139)

13.     Plaintiffs replacement 2004 Bentley Arnage suffered from a host of defects,

including, among other problems, unexplained accelerating and stalling, and

occasion when the car's doors would not unlock, trapping passengers inside. The

Plaintiffs took the subject vehicle for 17 repairs totaling 126 days in repair between

June 2004 and July 2005. On September 12, 2005 Petitioner sent letter with the

Summary History of Repairs asking for nothing but a safe car to the Defendants via

Federal Express (R/T p. 432) Defendants letter to Plaintiffs on September 30, 2005

(R/T p. 436) Defendants  letter to Plaintiffs on October 12, 2005 declining to replace

the 2004 Bentley Arnage. (R/T p.472) Defendants letter via Federal Express with

Defendants attorney Information. (R/T p. 474)

**Plaintiffs Must Seek Alternate Transportation**

14.     The Defendants immediately picked up the rental Bentley that the Plaintiffs had been allowed to drive while the Defendants tried to repair the Plaintiffs vehicle. Plaintiffs with only two other vehicles a Mercedes Benz SL 2 door for two passengers and a Limousine that neither of the Plaintiffs could drive and with three minor children to transport daily Plaintiffs contacted several rental companies (C/T 000107) Plaintiffs unable to purchase a new vehicle due to having to store the 2004 Bentley Arnage for 4 years mitigated their loss by using their family owned limousine parked at their home that was purchased for business use in 2003. (C/T 000107-000113) Petitioner Judith a chance meeting in the parking lot with a driver whom she asked about driving the family owned limousine, later  an agreement was made and the cost of $600. per day.  (R/T2470-2471)

15.     The Plaintiffs 2004 Bentley Arnage purchased from Defendants Bentley Motors Inc. and Rusnak/Pasadena could not be conformed to the Express Warranty and Implied Warranties with a well-established record that confirms the 2004 Bentley Arnage was unsafe and dangerous.

16.     On November 5, 2005 Plaintiffs filed suit against Defendants for the Breach of Express Warranty and the Breach of Implied Warranty and Violation of the Song Beverly Consumer Warranty Act (Civil Code § 1790 et seq.) (C/T p. 21)

**Defendants Knew As Early As March 2006 That The
2004 Bentley Arnage Was Unsafe And Dangerous**

17.     On March 19, 2006 Plaintiffs daughter Alexxus was trapped by the 2004

Bentley Arnage in the closed and locked garage for unknown amount of time and

when discovered she was hysterical and witness by the Petitioner's neighbor Dr.

Aram Yousoffian who provided assistance and spoke with the LAFD sent after

Bentley Motors Inc. Roadside sent them to break the windows to get her out and the

frantic call from Petitioner Alvin who also called 911. (R/T 624-695, 744, 903-909)

18.     On October 16, 2006 Petitioner Alvin videotapes the pick-up of the 2004

Bentley Arnage by the Defendants. The Defendants driver is seen entering the 2004

Bentley through the front passenger door then climbs to the driver seat and starts

the engine, opens the window and backs the vehicle out of Plaintiffs garage and

drives it up on the tow truck bed...Plaintiff Alvin still videotaping the tow truck

driver is observed exiting through the drivers window after being trapped almost

exactly how the Plaintiffs and Plaintiffs daughter had been trapped. (R/T 624-692,

693-695, 744, 903-909)

**Defendants CCP 998 Offer To Compromise Is
Insufficient To Cover The Plaintiffs Cost**

19.     On November 6, 2006 less than thirty days after Bentley Motors Inc.'s knew

beyond a shadow of a doubt the 2004 Bentley Arnage was unsafe and dangerous the

Respondent Bentley Motors Inc.'s makes a CCP § 998 Offer to Compromise and it

does not include the Defendants Rusnak/Pasadena... The salient offer by the

Defendants Bentley Motors Inc. was for $232,696.38 and $2,500.00, which is less

than the amounts the Defendants had incurred. (A/A pp. 001485)

20. The Plaintiffs purchased price of the 2004 Bentley Arnage the subject vehicle purchase price was $232,260.98 (C/T p. 157) and financed $213,000 with the State Farm Credit Union and Defendants CCP 998 Offer Compromise on November 6, 2006 did not include the significant interest paid by the Plaintiffs semi-monthly based on the interest for the loan amount of $213,000 for 72 months at the interest rate of 3.90% and the Defendants offer was rejected by the Plaintiffs as an operation of law.(C/T p.000187-2000)

**Plaintiffs Prevail In A Jury Trial 12/0**

21. On July 2, 2007 Plaintiffs jury was not shown the video tape of the Defendants tow truck driver trapped in the 2004 Bentley Arnage parked on the tow bed, instead the trial court asked the Plaintiffs attorney to view the Video and report the findings to the Court in violation of the Plaintiffs Constitutional Rights.

22. Plaintiffs evidence was not entered by Plaintiffs counsel before trial and it was only after Plaintiff Judith came to the witness stand with an Orange Binder containing all the evidence that had been complied and the "Summary History of Repairs showing a total of 126 Days in Service was put into the trial Court as evidence.

23. The Jury Instructions given was for Breach of Warranty and Breach of Implied Warranty (Exhibit 1) Jury was given a Special Verdict Form (Exhibit 2) clearly stated how to calculate the value of Plaintiffs vehicle and the damages.

24. The trial Court Judge Mark V. Mooney was present for the trial but was absent on the day the verdict was read and Judge Ruth Kwon presided and the

Plaintiffs prevailed against the Defendants in their Song Beverly Consumer Warranty Act action for Breach of Warranty and Breach of Implied Warranty with a 12/0 Jury verdict. (A/A p. 1615) (Exhibit 3)

25.     Plaintiffs did not give their counsel permission to stipulate and Plaintiffs were unaware that a stipulation had been entered into with the Defendants for any matters on July 2, 2007(Exhibit 3)

26.     The Court minutes read a stipulation on July 2, 207 but the only one signed on July 2, 2007 was the return of the Exhibits. (Exhibit 4)

27.     On July 3, 2007 a non-appearance case review was made in chambers and a trial set on the limited issue of finance charges on July 9, 2007. (Exhibit 5)

28.     On July 12, 2007 Exparte proceedings is Denied (C/T pp. 000018) in the recital of the Defendants Order Granting a New Trial on November 29, 2007 shows a trial on Implied Warranty was done on May 12, 2007.(C/T p. 219)

29.     On July 16, 2007 Plaintiffs attorney brief is not received and 0 items are transmitted. (A/A p. 001735)

30.     On July 17, 2007 Plaintiffs counsel Brief and Amended Brief on the Implied Warranty are sent via Fax to the Superior Court and was not received by the Court and the Court notifies Plaintiffs attorney. (C/T p. 0001732-001733)

**The Violation of Plaintiffs Constitutional Rights the Trial Court**

**Did Not Review Plaintiffs Evidence Before Entry Of Judgment**

31.     On August 15, 2007 the trial Court enters a tentative Statement of Decision filed by the Clerk without opposition was entered in the Courts record against the Plaintiffs the tentative decision signed and entered by the trial Court Judge Mark V.

11

Mooney has controverted information and is not historically correct with a date of service on November 22, 2007 that could not have taken place before the Decision was entered with subject vehicle purchase date listed as May 27, 2005 with first repair in 2004 with a certificate of mailing by the Court to all parties. (Exhibit 6)

32.     On August 31, 2007 the Defendants move for New Trial with a hearing on October 5, 2007 enters an order granting Plaintiffs a New Trial on all damages and all issues of damages is entered. (Exhibit 7)

**Order Granting New Trial Does Not Reflect The Trial Courts Minutes Listing A Trial On Implied Warranty On July 12, 2007**

33.     The Order Granting New Trial on November 29, 2007 as recited in the Motion misstates not only the Courts Minutes on July 2, 2007 but also list a trial on July 12, 2007 as a Bench Trial on Implied Warranty, the Order Granting a new trial does not correctly recite the Courts Minutes Entered that confirm the acts of the Jury's which states the Verdict was entered the jury was thanked and dismissed then stipulations were made by counsel. (C/T p. 219)(Exhibit 8)

34.     On September 2, 2008, counsel for Defendants submitted a [Proposed] Judgment After Court Trial on June 18, 2007 with the Courts Tentative decision entered on August 15, 2007...No party specified controverted issues or made proposals not covered in the tentative decision within the time provided by the Code of Civil Procedure section 632. No party served and filed objection to the tentative decision under Code of Civil Procedure section 634 and/or California Rules of Court, Rule 232. Accordingly the tentative became final and was entered into the minutes of the Court and two versions exist and were used in the Defendants

Appendix filed with the Court of Appeal (Exhibit 9)(Exhibit 10)(R/A p.0335)

35.    On September 3, 2008 Defendants file Mandatory Settlement Conference Brief (Exhibit 11)

36.    On September 5, 2008 Defendants file Exhibit List that does not contain Plaintiffs uncontroverted evidence filed with the Court. (Exhibit 12)

37.    On September 5, 2008 Final Status Conference; Mandatory Settlement Conference; Matter is held in chambers, off the record...Judge Mark V. Mooney told Plaintiffs that he had told the Defendants to offer Plaintiffs $600,000 and would Plaintiffs accept that to settle the case and the Plaintiffs happily agreed as long as the attorney fees would be paid showing the Plaintiffs have at all time remain amicable for settlement. (Exhibit 13)

38.    Sometime that same day the following the Mandatory settlement Conference Defendants personally delivered, Special Verdict Form,(A/A p. 2358) Defense Witness list (A/A p. 002355) Defendants Proposed Statement of the Case  to be Read to the Jury (A/A p.002352) Defendants Exhibit List (A/A p.2363) Defendants Requested Jury Instructions (A/A p. 002363) and even though the Plaintiffs attorney had more evidence and exhibits of the Plaintiffs uncontroverted Evidence the evidence was concealed and never offered in violation of Plaintiffs Constitutional Rights, the Song Beverly Consumer Warranty Act and the Civil Code of Procedure.

39.    During Open Court Judge Mark V. Mooney states Plaintiffs were offered $600,000 by the Defendants and declined the truth is the Defendants never offered Plaintiffs $600,000 and that was confirmed by Plaintiffs counsel in Declaration of Robert Mills... Matter not resolved. Trial remains. (Minutes Entered 09/05/08) This

40.     On September 8, 2008 Notice of Entry of Judgment by Defendants and reproduced in Defendants Appendix page 0352-00369 and the Judgment is dated September 2, 2008 and contains Defendants Memorandum of Cost that violated the Plaintiffs Constitutional Rights. (R/A 335) (Exhibit 13)

41.     On September 8, 2008 the Court entered judgment declaring that the Defendants Rusnak/Pasadena was the prevailing party on the sole cause pleaded against it again in violation of Plaintiffs Constitutional Rights. (A/A pp. 002397)

42.     On September 15, 2008 Defendants filed several motions in limine seeking to remove Plaintiffs damages and Motion in Limine number 6 that removed payments form the amounts Plaintiffs were entitled to was denied and never reconsidered. (Exhibits 14)

43.     On September 19, 2008 the counsel for Plaintiffs attorney made a Motion in Limine that was sustained by the Court directing counsel not to disclose to the second jury the first jury's findings that was sustained by the Judge Mark V. Mooney and Plaintiffs evidence was thereby excluded from the jury in violation of Plaintiffs Constitutional Rights. (R/T 1802 )(Exhibit 15)

45.     The Plaintiffs were precluded and admonished by the trial Court and Plaintiffs counsel from telling the jury about the host of defects with the 2004 Bentley Arnage and the Plaintiffs counsel could not mention a prior trial in Violation of Plaintiffs Constitutional Rights. (R/T p. 1849, 1850)

46.     September 19, 2008 Plaintiffs' counsel per the Defendants had let the cat out of the bag and a "Mistrial" was called…(R/T 1851) Plaintiffs were not present for the discussion at the side but it was Plaintiffs attorney's motion that we weren't going to

14

talk about the prior trial...He brought it up; I sustained the objection...(R/T p.1853)

These acts were in violation of Plaintiffs Constitutional Rights. (Court Minutes

Entered09/19/08) (Exhibit 15)

47.    On September 22, 2008 Plaintiffs witness Mr. Caines is in the trial Court to

testify (R/T p. 2108) Plaintiffs witness Kerry Caines from the State Farm Credit

Union was dismissed after Defendants and Plaintiffs counsel agree to dismiss

Plaintiffs witness as the Plaintiffs counsel and the Defendants had already agreed

enter incorrect and false amounts due and owing the Plaintiffs in violation of the

Plaintiffs Constitutional Rights. (R/T p. 2108-2109) (Exhibit 16)

48.    On September 22, 2008 Defendants state Plaintiffs counsel as misplaced the

letter specifying the amounts that had been paid on the loan...(R/T p.2110)

Plaintiffs counsel then differed to Plaintiffs and stipulated to amounts known to be

incorrect after Plaintiffs counsel misplaced the letter and stipulated to correct

amounts due and owing Plaintiffs by the Defendants in collusion with Plaintiffs

counsel. (R/T p. 2115)

**The First Case Has Already Been Determined and would not be retried.**

49.    The trial Court states:.. *I'm jus going to say that the issue in terms or whether*

*the vehicle complied with expressed warranty has already been determined and simply*

*for you, ladies and gentlemen, to determine the damages suffered by the Williams....we*

do not retry the first case... the first case has already been determined.... (R/T 1808)

50.    **The subject vehicle did not comply with the Implied or Express**

**Warranty and the Jury in the second trial was not allowed to hear that**

evidence that confirmed the 2004 Bentley Arnage was unsafe and dangerous.

51.    When the trial was restarted with a new jury after the 'mistrial the Plaintiffs were not allowed to hear any evidence in support of the damages Plaintiffs sought or why those damages were incurred and the Plaintiffs counsel in collusion with Defendants concealed and withheld Plaintiffs evidence as shown in the Defendants Table Re: Warranty Repair Request/Done that speaks of more than 126 days as entered in the Court record and a complete review of all exhibits confirms that document was never offered to the trial Court and if its currently in Plaintiffs possession, Plaintiffs counsel had to have had it in their possession at the time of trial and to withhold that evidence is a violation of Plaintiffs Constitutional Rights. (C/T Minutes Entered 09/23/08, 09/24/08 and 09/25/08 Exhibit 17)

### Transportation A Reasonable And Necessary Expense

52.    After the Defendants picked up Plaintiffs Rental and delivered the broken 2004 Bentley Arnage the Plaintiffs were held hostage in that they were unable to purchase a replacement due to storing of the broken vehicle and the 2004 Bentley Arnage remained parked in the only available garage for four years until May 2009 and the Plaintiffs mitigated their losses by using the family owned limousine, which was the only vehicle readily available to Plaintiffs that was able to transport the family of five including three children that did not drive.

53.    During the jury deliberation on September 25, 2008 the jury asked to view the Song Beverly Consumer Warranty Act guidelines and both Plaintiffs and Defendants counsel denied the request and the trial court denied the jury's

16

requested review of the statue.(R/A 0571)(Exhibit 17)

54.     On September 25, 2008 a jury who were not allowed to hear Plaintiffs

evidence returned a verdict in favor of the Defendants against the Plaintiffs and

Plaintiffs counsel and Plaintiff Alvin spoke with Jurors who confirmed they believed

from the testimony there were no problems with the subject vehicle and Plaintiffs

attorney did not oppose this judgment and did not file an appeal. (Exhibit 17)

55.     On November 13, 2008 the trial Court makes a tentative ruling on the 2004

Bentley Arnage payoff and Defendants and Plaintiffs counsel is notified (A/A pp.

002835) the Defendants surprises the trial Court when they state Plaintiffs are not

entitled to any damages. (R/T 3303)

**Defendants Judgment Does Not Reflect The Instructions Given or The**

**Special Verdict Form Or The Court Minutes Entered**

56.     On May 15, 2009 Plaintiffs had a hearing in the trial Court and were told that

a Judgment had been entered and all parties confirmed they had not received a copy

of the Judgment  dated April 27, 2009, a copy is given to all parties after

confirmation it had not been mailed to the Parties. (C/T Minutes Entered)

57.     The April 27, 2009 Judgment that was prepared by the Defendants does not

correctly reflect the Minutes of the Court and the Jury Instruction given on July 2,

2007 or the Special Verdict Form and the jury's Verdict in favor of Plaintiffs and

against Bentley Motors Inc. and Rusnak/Pasadena for the Violation of the Song

Beverly Consumer Warranty Act 1793.2(D) Breach of Warranty and Breach of

Implied Warranty is not reflected in the Judgment the Defendants Judgment only

mentions a trial on Breach of Express Warranty, the Judgment also fails to state

Plaintiffs damages, the Bench Trial on Breach of Implied Warranty finding in favor

of Rusnak/Pasadena is without a date of trial and the amounts stipulated to on

September 22, 2008 as the amounts due Plaintiffs for the 2004 Bentley Arnage are

false and not properly reconciled and finally it further states Prevailing party status,

the right to, an amount of, attorney's fees and cost of suit, are to be determined upon

post judgment motions. (Exhibit 18)

59.    On May 15, 2009 at a hearing in the trial Court, parties are told Judgment was

entered and after the confirmation by Judge mark V. Mooney the Judgment had not

been mailed by the Clerk it was copied and served on all parties... After a brief

review of the April 27, 2009 Judgment the Defendants tell the Court that the

Plaintiffs were not the prevailing Party on the Defendants CCP 998 Offer to

Compromise and that the Defendants were in fact the prevailing party because the

Plaintiffs added post judgment interest and the trial Court requested Briefing on the

CCP 998 Offer to Compromise and hearing was set for August 5, 2009.

60.    On July 31, 2009 Plaintiffs counsel files an Appeal on the April 27, 2009

Judgment after insisting the Judgment was against the Plaintiffs and the record

designated does not include the critical and necessary July 2, 2007 documents that

includes the Jury Instructions, the Special Verdict Form, the Bentley Motors Inc.'s

CCP 998 Offer in Compromise are critical to a proper review.

61.    On August 5, 2009 the Plaintiffs counsel provide incorrect amounts that have

not been properly reconciled with the record of the Court and provide amounts that

are not only rejected but the trial Court threatens to rule for the Defendants and tell

Plaintiffs counsel that the Court knows Plaintiffs counsel wants one more day to

18

provide the Crystal Clear numbers and set a new hearing for October 2, 2009.

62.     On October 2, 2009 after numerous meeting between Plaintiffs and Plaintiffs counsel Plaintiffs counsel confirms they have all the correct amounts due and owing Plaintiffs from the record of the Court and the State farm Credit Union and Plaintiffs counsel prepared a one sheet Comparison and gave it to the Court.(Exhibit 19)

63.     On December 24, 2009 the trial Court incorrectly ruled in favor of the Defendants after the Plaintiffs counsel provided the trial Court with incorrect amounts that had not been properly reconciled and those incorrect amounts where used by the trial Court to determine the prevailing party.(Exhibit 20)

64.     The Plaintiffs pleaded with their counsel to correct the incorrect amounts filed with the Court that was used in the determination of the prevailing party and again asked the Plaintiffs counsel to file a motion with the Court about the errors and asked for reconsideration based on attorney error.

65.     On January 6, 2010 the Plaintiffs counsel send a letter days after the time had expired to oppose the Judgment further stating the intent to withdraw and accusing the Plaintiffs of committing Fraud on the Court in a violation of Plaintiffs civil rights (Exhibit 21)

66.     Untrained and unskilled in law Plaintiffs were forced to become their only attorney after the Plaintiffs counsel slandered them and colluded with The Defendants to withhold evidence and laced the case with such rancor, even if an attorney wanted to help he or she would now have the responsibility of a voluminous file where it was clear on its face there was legal mal-practice.

68.     After the Plaintiffs filed a second appeal and started the review of the

19

Plaintiffs file the Plaintiffs were and are still in shock to find out just how the Defendants were able to collude with Plaintiffs counsel over the last Eight years to deny the Plaintiffs their Constitutional Rights and commit fraud.

69.     Plaintiffs were forced to augment the Court of Appeals with thousand of pages critical for a fair and proper review after the Plaintiffs counsel colluded further with Defendants to designate a record on appeal that excluded much of the evidence needed to assert Plaintiffs case and judgment on July 2, 2007 Jury Verdict of 12/0 in favor of Plaintiffs, the Instructions Given and the Special Verdict Form and the Bentley Motors Inc. CCP 998 Offer to Compromise where not designated by Plaintiffs counsel and a review of the record designated on appeal only included the record that consisted of motions foe attorney fees.

70.     On February 3, 2012 the Court of Appeal Opinion confirmed the Judgment on April 27, 2009 was in favor of the Plaintiffs who were also entitled as the Prevailing Party to an amount, cost and legal fees and asked in the Opinion "What are the [Appellants] Damages? In the quoting of the judgment.

71.     On April 3, 2012 the Supreme Court of the State of California denied Plaintiffs application for relief from default and application to file an oversized brief and the petition for review and the Court of appeals issued the remittitur back in the trial Court that again on May 11, 2012 ordered the Defendants to file a Notice of Ruling.

## **FIRST CAUSE OF ACTION**

## **(VIOLATION OF CONSTITUTIONAL RIGHT TO SUBTANTIVE DUE PROCESS)**

## **42 U.S.C. § 1983**

72.     Plaintiffs re-alleges paragraph 1-77 as though fully set forth herein.

73. By their actions as described herein, the Defendant, under color of statute, ordinance, regulations, custom, or usage, subjected Plaintiffs to the deprivation of right, privileges, or immunities secured by the Constitution and laws. In particular as a citizen in a United States Court who is entitled to a fair trial.

74. The acts and the failure to act as discussed in the Opinion of the Court of Appeal and Plaintiffs quote: "To the extent the appellants' brief mention other issues such as the trial court's evidentiary ruling in limine directing counsel not to disclose to the second jury the first jury's findings, the failure of Plaintiffs counsel to obtain appellants' consent to counsel's stipulation to a bench trial on damages and the collusion of [appellants'] Plaintiffs' counsel with the Respondents trial counsel.

75. As a direct and proximate result of the Defendants actions described above, Plaintiffs sustained actual damages, including grievous mental and emotional suffering, slander, fear, anguish, shock financial catastrophe.

76. The actions of the Defendants were reckless and in bad faith with total disregard for Plaintiffs Civil rights knowing or should have known the amounts entered as amounts due and owing the Plaintiffs were incorrect and false.

77. The action of the Defendants who colluded with the Plaintiffs counsel was a betrayal of the duty owed to the Plaintiffs by their counsel and the Defendants collusions was in violation of the Civil Code of Procedure.

78. The Defendant each and every one of them deprived the Plaintiffs of right, privileges secured by the Constitution and laws of the United States of America.

79. As a result of Defendant's violation of the above civil right, Plaintiffs were forced to represent themselves in pro per, setting aside their careers and sacrificing

the family's income, and precious time with their young children to learn and apply the law in Plaintiffs fight for justice.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE CONSTITUTIONAL RIGHT TO EQUAL PROTECTION UNDER THE LAW)

80.     Plaintiffs re-alleges paragraph 1-85 as though fully set forth herein.

81.     The action of Defendants, as described above, violates the Equal Protection Clause of Fourteenth Amendment of the United States Constitution in that such actions deprived the Plaintiffs of life, liberty and property without due process of law.

82.     The Defendants acted under the color of law to deprived the Plaintiffs of rights, and privileges secured by the Constitution of the United States in violation of 42 U.S.C. § 1983)

83.     The [Proposed] Judgment filed by the Defendants on April 27, 2009 does not reflect the Courts Minutes entered on July 2, 2007 or the Instruction Given or the Special Verdict Form and does not state Plaintiffs Damages.

84.     The April 27, 2009 Judgment does not state the date the Court had a trial on the Implied Warranty that deemed the Defendants the prevailing parties after the Plaintiffs Briefs were not received and considered is a violation of Plaintiffs Constitutional Rights.

85.     Also the only trial on Implied Warranty is listed in several failed and fraudulent Judgments and on August 15, 2007 the trial Court's Tentative Ruling became final after the Statement of Decision was not Opposed by Plaintiffs' counsel in collusion with the Respondents was in violation of the Plaintiffs Constitutional rights under U.S.C. § 1983.

86.     This is a clear violation of Plaintiffs Fourteenth Amendment Rights as

guaranteed by the Constitution of the United States were all violated when the trial Court had a Bench Trial without Plaintiffs knowledge or presents and then Plaintiffs briefs are not considered and the uncontroverted evidence provided during the trial was not considered, the jury's verdict was also not considered when the 2004 Bentley Arnage deemed a lemon and a "Non-conformity was deemed merchantable on August 15, 2007.

### The Court Of Appeal Made An Error When The Decision Of
### The Trial Court Was Affirmed without Plaintiffs Damages
### And Without A Date For The Trial on Implied Warranty

87.    The Court of Appeals did not attempt its own distillation of the record and instead elected to quote extensively from the court's judgment and post judgment rulings on fees and cost...The Court of Appeal at this point in the recitation of the case's procedural history, we note a trial court's judgment is presumed correct and it is the Plaintiffs carry the burden to overcome that presumption and recited the trial Courts judgment and rulings. The trial Court granted a bench trial  and entered judgment in violation of Plaintiffs Constitutional rights.

### THIRD CAUSE OF ACTION
### (DEPRIVATION OF PLAINTIFFS  RIGHTS UNDER 42 U.S.C § 1983)

88.    Plaintiffs re-alleges paragraph 1-87 as though fully set forth herein.

89.    The action of Defendants, as described above, violates the Equal Protection Clause of Fourteenth Amendment of the United States Constitution in that such actions deprived the Plaintiffs of life, liberty and property without due process of law.

90    The Defendants acted under the color of law to deprived the Plaintiffs of rights, and

privileges secured by the Constitution of the United States in violation of 42 U.S.C. § 1983) when the trial Court denied Plaintiffs Motion for Reconsideration Section 473.

91.   <u>The trial Court improperly excluded evidence of the defects and problems with Plaintiffs 2004 Bentley Arnage that would have provided a basis for the jury to determine whether Plaintiffs claims were reasonable.</u>

92.   <u>The Song Beverly Consumer Warranty Act (Civil Code § 1790 et seq.)allow for the recovery of Incidental damages and the Courts exclusion of Plaintiffs Evidence constitute an error of law.</u>

93.   The trial Court deprived the Plaintiffs of the right to due process by deciding the legal issues presented and entering a Statement of Decision in favor of the Defendants and award cost and legal fees was improper and in violation of Plaintiffs Constitutional rights when a legal question was decided without Plaintiffs knowledge, consent or a fair trial.

94.   The Statement of Decision entered on August 15, 2007 was in Violation of the California Rules of Court and Evidence Code Section 451, Violated the Rules of Professional Conduct for California Attorney adopted pursuant to section 6076 of the Business and Professional Code, and Rules of Practice and Procedure for the Courts of the State of California adopted by the Judicial Council.

**Plaintiffs Failure To Use Cogent Argument Regarding The Other Issues Mentioned In The Brief Waived It On Appeal**

95.   The right to pursue claims in a judicial form is a substantial right and not one lightly to be waived and the Plaintiffs waiver on appeal was due to inadvertence

surprise and excusable neglect and the trial Courts denial of the Plaintiffs Motion for

Reconsideration is an error of law and a denial of equal protection under the law

and a violation of Plaintiffs Constitutional Rights.

96.     Citizens have a Seventh Amendment right in common law, where the value in

controversy shall exceed twenty dollars, the right to trial shall be preserved. The

underlying rationale of the Seventh Amendment was to preserve the historic line

separating the province of the jury from that of the judge in civil cases.

97.     The Seventh Amendment expressly forbids federal judges to "reexamin[e]"

any "fact tried by a jury" except as allowed by the common law. This provision has

been interpreted to mean that no court, trial or appellate, may overturn a jury

verdict that is reasonably supported by the evidence.

98.     The Defendants stipulate to a matter which eliminated Plaintiffs essential

defense and stipulated that only nominal damages may be awarded and agreed to

an increase in the amount of judgment against Plaintiffs in collusion with plaintiffs

counsel and colluded to waive finding so that no appeal could be made...and the

degree to which the Defendants took to affect the Plaintiffs interest, and to the

extent where the Defendants involve the Plaintiffs counsel in Collusion is a Violation

of Plaintiffs Constitutional Rights.

99.     The Defendants each and every one of them engaged in Fraud and Deceit as

in California Civil Code section 1572, California Civil Code section 1573 and

California Code of Civil Procedure section 1710 in violation of Plaintiffs

Constitutional rights to due process.

**Plaintiffs Total Damages Are Not Mentioned In The Judgment**

25

100.    When the Court of Appeal reviewed the trial Court's Judgment the only question was *"What are [Plaintiffs] Damages?* Plaintiffs who are not lawyers are unable to establish those damages with out the guidance of the Court. Petitioner has filed a judgment and said Judgment was rejected by the trial Court.

101.    Plaintiffs can only recite the trial Courts record and try to make heads or tails of that which is in the record. The High Court has already determined that mere citizens are not qualified to understand the acts or failure to act of their attorneys but this was a trial on the Song Beverly Consumer Warranty Act and Plaintiffs are the prevailing party and the Court should not embrace the tactics used by these manufacturers/Defendants to skirt their responsibilities by inviting legal error and legal malpractice to transfer their responsibilities to the legal malpractice claim many times getting away with paying nothing to victims who now have to prove their underline case in order to prevail on a legal mal-practice claim costing thousands of dollars in upfront cost and a blatant violation of the Constitutional right of the Plaintiffs.

102.    Plaintiffs ask the high Court must send a message to the these large corporations that these disgraceful tactics would not be tolerated in the Courts because if a manufacture does not want to honor a claim all the manufacturer has to do is hire attorneys willing to compromise their clients knowing that if well done the poor unsuspecting client will just be abandoned and deprived of justice and their Constitutional Rights.

103.    This is a matter of public interest if corporations are allowed to continue the use of this illegal and racketeering concept to limit or illuminate their responsibility

26

under the laws is not what the law intended.

104.    The authority of a trial court 'to disqualified an attorney derives from the power inherent in every court' "[t]o control in furtherance of justice, the **conduct** of its ministerial officers as Plaintiffs have explained, however, "[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar and the Defendants negligent Breach of Warranty and the Breach of Implied Warranty and the fraudulent judgments achieved by gaming the Court is unjust and a violation of Plaintiffs constitutional Right.

105.    A related and distinct fundamental value of our legal system is the attorney's obligation of loyalty. Attorneys have a duty to maintain undivided loyalty to their clients to avoid undermining public confidence in the legal profession and the judicial process.

**THE APPEAL COURTS RELIANCE ON THE TRIAL COURT JUDGMENT IS MISPLACED DUE TO COLLUSION OF COUNSEL EXHIBIT 22**

106.    The Court of Appeal review Plaintiffs record containing a 1,477-page clerk's transcript augmented by more than 2,700 pages of [appellants] Plaintiffs a additions to the appellate record, a 1680-page [Respondents] Defendants appendix, 12 volumes of reporter's transcripts, and 60 trial exhibits but due to Plaintiffs inadvertence and surprise did not comb the record to provide the Court with the cogent argument and citations to the record as required and waived the argument on appeal, but the Court of appeals went a step further and provided its findings none the less that confirmed the Plaintiffs are the Prevailing party and entitled to damages and asked that very question in their Remittitur and opinion to the trial

Court that also stated "What are appellants Damages" findings that the trial Court's evidentiary motion in limine directing counsel not to disclose to the second jury the first jury's findings is an error of law and a violation of Plaintiffs Constitutional Right under the color of the law and the denial of due process. To wit, the Plaintiffs quote the Opinion of the Court of Appeals that quoted the flawed judgment entered by the Defendants in collusion with Plaintiffs trial counsel that does not contain Plaintiffs damages.

107.    Plaintiffs counsel in collusion filed an appeal on July 31, 2009 on a Judgment Plaintiffs had prevailed in and designated a record on appeal that would not have allow the Plaintiffs a fair and proper review because it lacked all of the July 2, 2007 Instruction Given, the Special Verdict Form and  Minutes Entered.

108.    To wit, the Court of Appeals quoted the trial court's own words, which they italicize for the reader's convenience confirming Plaintiffs are indeed the Prevailing party and entitled to judgment:

"*This action came on regularly for trial on June 18, 2007 , with jury being sworn on June 25, 2007....¶ A jury...was impanelled and sworn to try the issue of Breach of Express Warranty in Petitioners complaint. Witness were sworn and testified. After hearing the evidence and arguments of counsel, the Court duly instructed the jury and the cause was submitted to the jury with instructions to return a verdict on the special verdict form. The jury deliberated and thereafter, on July 2, 2007, returned the following verdict. (Exhibit 22)*

28

**THIS IS NOT WHAT WAS STATED IN THE JURY INSTRUCTION GIVEN**

108.    The Jury Instructions given indicated the a Breach of Warranty and Breach of Implied Warranty against Defendants Bentley Motors Inc. and Rusnak Pasadena so was the Special Jury instructions.

**2004 BENTLEY ARNAGE VIOLATION OF CIVIL CODE SECTION 1793.2(D)**

**NEW MOTOR VEHICLE ESSENTIAL FACTUAL ELLEMENTS**

*"We, the jury, answer the questions submitted to us as follows:*

*"1.     Did [Petitioners] buy  a new motor vehicle distributed by Bentley Motors, Inc. and sold by Rusnak/Pasadena? [Yes][¶]…[¶]*

*"2.     Did Bentley Motors, Inc. give [Petitioners] a written warranty? [Yes][¶]…[¶]*

*"3.     Did the vehicle have a defect covered by the warranty that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in [Petitioner] situation. [Yes][¶]…[¶]*

*"4.     Did Bentley Motors, Inc. or its authorized repair facility fail to repair the vehicle to match the warranty after a reasonable number of opportunities to do so? [Yes][¶]…[¶]*

*"6.     Did Bentley Motors, Inc. fail to promptly replaces or repurchase the vehicle? [Yes][¶]…[¶]*

29

**PLAINTIFFS PROVE ESSENTIAL ELEMENTS CIVIL CODE SECTION 1793.2(D)**

"7.    What are [Petitioners] Plaintiffs' damages?...... *[¶]...[¶]*

a.    *The purchase price of the vehicle itself:$213,579*
b.    *Charges for transportation and manufactured Installed options $13,579*
c.    *Finance Charges actually paid by [Petitioner]: $213,179*
d.    *Sales tax, license fees, registration fees and other official fees $19,117*
e.    *Incidental and consequential damages; $0.00*

*"SUBTOTAL:...$459,454.00*

*"Calculate the value of the use of the vehicle before it was submitted for repair as*

*follows:... [¶]...[¶]   Add dollar amounts in line a and b = $183,770,822.00*

*VALUE [PLAINTIFFS] OF USE [of vehicle]: $1,531.00*

*"Subtract the VALUE OF USE from the SUBTOTAL above and insert results in*

*TOTAL DAMAGES below:*

*TOTAL DAMAGES $457,923.00...... [¶]...[¶]*

*Total Damages  listed in the Superior Court Judgment on April 27, 2009 did not reflect*

*Plaintiffs' Damages, and the Judgment was not rejected by the court when it did not*

*reflect Plaintiffs damages in violations of Plaintiffs Constitutional Rights.*

*The trial Court's evidentiary motion in limine directing counsel not to disclose*

*to the second jury the first jury's findings is a violation Plaintiffs Constitutional rights*

*under the color of State law. Superior Court Judge Mark V. Mooney acted under the*

*color of State law when Defendants entered a Judgment on Implied Warranty in the*

*Defendants' favor on August 15, 2007 that was not historically and false after a jury*

*trial on July 2, 2007 deemed the car a violation of the Implied Warranty.*

*This case is a textbook example of intentional misrepresentation*

*false representation, concealment, nondisclosure, knowledge of falsity, intent to*

*defraud, induce reliance that is justifiable was all perpetrated on the Plaintiffs by the*

*Defendants. The Defendants acts of their choosing and to collude with the Plaintiffs attorneys is against the law and a violation of Plaintiffs Constitutional rights.*

*Under California law a valid judgment on the merits Precludes further litigation. The Plaintiffs did as the Court of Appeal stated and comb the record and provided and extensive verbatim of the trial Courts Reporters Transcript during the trial that provided the Supreme Court State of California the salient record that confirms the Collusion of the Plaintiffs counsel Collusion with the Defendants in order to deny Plaintiffs a fair trial and judgment and extend litigation.*

As a direct and proximate result of the Defendants' violations of Plaintiffs Alvin E. Williams and Judith M. Brown-Williams rights the Plaintiffs have suffered severe and substantial damage due to eight years of litigation cause by the Defendants who were gaming the Court to withhold Plaintiffs damages, lost salary, lost career and business opportunities, litigation expenses, loss reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Alvin E. Williams and Judith M. Brown-Williams request Judgment against Defendants Bentley Motors Inc.'s and Rusnak Pasadena as follows;

1.      For the appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of the Defendants and their refusal to enter judgment.

2.    GRANT Judgment in favor of Plaintiffs Alvin E. Williams and Judith M. Brown-Williams against the Defendants Bentley Motors Inc. and Rusnak Pasadena in the violation of the Song Beverly Consumer Warranty Act (Civil Code of Procedure §1790 et seq.)

Respectfully submitted:

Date: June 10, 2012

Judith M. Brown-Williams In Pro Per

Alvin E. Williams In Pro Per

**EXHIBIT   1**

**FILED**

LOS ANGELES SUPERIOR COURT

JUL 0 2 2007

JOHN A. CLARKE, CLERK

BY ANITA WILLIAMS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ALVIN E. WILLIAMS and JUDITH M. BROWN-WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>BENTLEY MOTORS, INC.; RUSNAK PASADENA;<br><br>Defendants. | Case No.: BC342574<br><br>**SPECIAL VERDICT FORM** |

We, the jury, answer the questions submitted to us as follows:

1. Did Alvin E. Williams and Judith M. Brown-Williams buy a new motor vehicle distributed by Bentley Motors, Inc. and sold by Rusnak/Pasadena?

____X____ Yes _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here,

1

SPECIAL VERDICT FORM

answer no further questions, and have the presiding juror sign and date this form.

2. Did Bentley Motors, Inc. give Alvin E. Williams and Judith M. Brown-Williams a written warranty?

___X___ Yes _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then skip to question 10, do not answer questions 3-9.

3. Did the vehicle have a defect covered by the warranty that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in Alvin E. Williams and Judith M. Brown-Williams' situation?

___X___ Yes _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then skip to question 10, do not answer questions 4-9.

4. Did Bentley Motors, Inc. or its authorized repair facility fail to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so?

___X___ Yes _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, then skip to question 10, do not answer questions 5-9.

/ / /

/ / /

2

SPECIAL VERDICT FORM

5. Was the failure to comply with the warranty caused by unauthorized or unreasonable use of the new motor vehicle following its sale?

_____ Yes ___✗___ No

If your answer to question 5 is no, then answer question 6. If you answered ~~no~~ *YES*, then skip to question 10, do not answer questions 6-9.

6. Did Bentley Motors, Inc. fail to promptly replace or repurchase the vehicle?

___✗___ Yes _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, skip to question 10, do not answer questions 7-9.

7. What are Alvin E. Williams and Judith M. Brown-Williams' damages? Calculate as follows:

Add the following amounts:
a. The purchase price of the vehicle itself:...................... $ _213,579_

   b. Charges for transportation and manufacturer-installed options:...................... $ _13579_

   c. Finance charges actually paid by Alvin E. Williams and Judith M. Brown-Williams :...................... $ _213179_

   d. Sales tax, license fees, registration fees, and other official fees:...................... $ _19117_

3

SPECIAL VERDICT FORM

1  e. Incidental and consequential damages:...................... $ _0,00_

2

3

4  [SUBTOTAL/TOTAL DAMAGES:] $ _459,454.00_

5

6

7  Calculate the value of the use of the vehicle before it was submitted for repair as follows:

8  1. Add dollar amounts listed in lines a

9  and b above:...................... $ _227158.00_

10

11  2. Multiply the result in step 1 by the

12  number of miles the vehicle was driven

13  before it was submitted

14  for repair:...................... $ _183,770,822.00_

15

16  3. Divide the dollar amount in step 2 by

17  120,000 and insert result in VALUE

18  OF USE below:

19

20  VALUE OF USE: $ _1531.00_

21

22  Subtract the VALUE OF USE from the SUBTOTAL above and insert result in TOTAL DAMAGES

23  below:

24

25  TOTAL DAMAGES: $ _457,923.00_

26

27  What is the number of miles that the vehicle was driven between the time when Alvin E.

28  Williams and Judith M. Brown-Williams took possession of the vehicle and the time when

4

SPECIAL VERDICT FORM

they first delivered the vehicle to Bentley Motors, Inc. or its authorized repair facility to fix the problem?

Answer: _809_ miles

Answer question 8.

8. Did Bentley Motors, Inc. willfully fail to repurchase or replace the new motor vehicle?

_____ Yes _✕_ No

If your answer to question 8 is yes, then answer question 9. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

9. What amount, if any, do you impose as a penalty? [You may not exceed two times the "TOTAL DAMAGES" that you entered in question 7.].................... $_____

PENALTY: $_____

If you have answered all the questions to this point, stop here, answer no further questions, and have the presiding juror sign and date this form.

10. At the time of purchase, was Rusnak/Pasadena in the business of selling new motor vehicles to retail buyers?

_____ Yes _____ No

5

SPECIAL VERDICT FORM

1   If your answer to question 10 is yes, then answer question 11. If you answered no, stop

2   here, answer no further questions, and have the presiding juror sign and date this form.

3

4   11. Was the new motor vehicle of the same quality as those generally acceptable in the

5   trade?

6

7   _____ Yes _____ No

8

9   If your answer to question 11 is no, then answer question 12. If you answered yes, stop

10   here, answer no further questions, and have the presiding juror sign and date this form.

11

12   12. Was the failure to comply with the warranty caused by unauthorized or unreasonable

13   use of the new motor vehicle following its sale?

14

15   _____ Yes _____ No

16

17   If your answer to question 12 is no, then answer question 13. If you answered yes, stop

18   here, answer no further questions, and have the presiding juror sign and date this form.

19

20   13. What amount are Alvin E. Williams and Judith M. Brown-Williams entitled to receive as

21   restitution to them for the new motor vehicle?

22   $ _____

23

24   Signed: Presiding Juror _Cindy Deaver_

25

26   Dated: _July 2, 2007_

27

28   After it has been signed, deliver this verdict form to the Court room assistant.

6

SPECIAL VERDICT FORM

**EXHIBIT   2**

TOP



**FILED**
LOS ANGELES SUPERIOR COURT

JUL 0 2 2007

JOHN A. CLARKE, CLERK

BY ANITA WILLIAMS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

t. No. __68__

CASE No. **BC342574**
(Space below for filing
Stamp only)

Alvin Williams

Judith M. Brown-Williams

Plaintiff,

vs.

INSTRUCTIONS ⎱ GIVEN
~~REFUSED~~
~~WITHDRAWN~~

Consisting of

__37__

pages herein

Bentley Motors, Inc. et al

Defendant.

Mark V. Mooney

Judge Presiding.

07 - B-230 (Rev. 4-89)

**200 Obligation to Prove--More Likely True Than Not True**

A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

**202 Direct and Indirect Evidence**

Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion.

Some evidence proves a fact directly, such as testimony of a witness who saw a jet plane flying across the sky. Some evidence proves a fact indirectly, such as testimony of a witness who saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as "circumstantial evidence." In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

2

**203 Party Having Power to Produce Better Evidence**

**You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.**

3

**205 Failure to Explain or Deny Evidence**

**You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.**



4

**206 Evidence Admitted for Limited Purpose**

During the trial, I explained to you that certain evidence was admitted for a limited purpose. You may consider that evidence only for the limited purpose that I described, and not for any other purpose.



5

**208 Deposition as Substantive Evidence**

**During the trial, you heard testimony read from a deposition. A deposition is the testimony of a person taken before trial. At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was read to you in the same way as you consider testimony given in court.**

6

**209 Use of Interrogatories of a Party**

**Before trial, each party has the right to ask the other parties to answer written questions. These questions are called interrogatories. The answers are also in writing and are given under oath. You must consider the questions and answers that were read to you the same as if the questions and answers had been given in court.**

7

**210 Requests for Admissions**

Before trial, each party has the right to ask another party to admit in writing that certain matters are true. If the other party admits those matters, you must accept them as true. No further evidence is required to prove them.

However, these matters must be considered true only as they apply to the party who admitted they were true.