UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5685 GW (JCG) | Date | August 2, 2012 |
|---|---|---|---|
| Title | Alvin E. Williams, *et al.* v. Bentley Motors, Inc., *et al.* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Beatriz Martinez | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

On June 29, 2012, plaintiffs Alvin E. Williams and Judith M. Brown-Williams ("Plaintiffs"), proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. The Complaint alleges claims against Los Angeles Superior Court Judge Mark V. Mooney, among others (collectively, "Defendants"). (Compl. at 1, 6, 20-31.)

According to the Complaint, Plaintiffs brought a "lemon law" action in 2005 against several of the Defendants after being sold an unsafe Bentley. (*Id.* at 7-9.) Plaintiffs claim that during their trial, Judge Mooney violated Plaintiffs' constitutional rights by colluding with Defendants and behaving "improperly." (*See id.* at 4, 11-19, 30.) Plaintiffs now seek declaratory relief and judgment in their favor under California's Song-Beverly Consumer Warranty Act. (*Id.* at 31-32.)

Judges and those performing judge-like functions are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1389 (1987). And an act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5685 GW (JCG) | Date | August 2, 2012 |
|---|---|---|---|
| Title | Alvin E. Williams, *et al.* v. Bentley Motors, Inc., *et al.* | | |

Here, Plaintiffs have not alleged whatsoever that Judge Mooney acted in the absence of all jurisdiction over their lemon law proceedings. Nor have Plaintiffs adequately demonstrated that Judge Mooney performed acts that were not judicial in nature. It thus appears that Judge Mooney is absolutely immune from suit.

Accordingly, given the apparent applicability of judicial immunity, the Court hereby orders Plaintiffs to **SHOW CAUSE** within thirty days of the date of this Order why this action should not be dismissed as to Judge Mooney for failure to state a claim upon which relief can be granted. *See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (a court may dismiss a claim *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted).

**IT IS SO ORDERED**.

cc: Parties of Record

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | bm | | |